[No. 2407.  Decided January 29, 1897.]

GOON GAN, *Administrator, Respondent,* v. F. J. RICH-
ARDSON *et al., Appellants.*

ACTION OF FORECLOSURE — PROOF OF NON-PAYMENT — PAROL EVIDENCE
— MORTGAGE AS DEED—ALIEN OWNERSHIP — HOW ATTACKED.

In an action to foreclose a mortgage upon real estate, to which no
plea of payment has been set up in the answer, non-payment is
*prima facie* established by the introduction in evidence of a certified
copy of the mortgage as recorded, and by the further testimony of
witness that the mortgage had not been paid.

Parol evidence is incompetent to establish that an instrument,
which is in form a mortgage, is in fact a deed of conveyance in fee.

·The incapacity of a mortgagee, by reason of alienage, to take title
to real estate, can only be shown in a suit by the state.    (DUNBAR
and REAVIS, JJ., dissent).

Appeal from Superior Court, Kittitas County.—Hon.
CARROLL B. GRAVES, Judge.    Affirmed.

*Edward Pruyn,* for appellants.

*White, Munday & Fulton,* and *Eugene E. Wager,* for respondent:

One cannot by parol evidence establish that to be a deed which is in form a mortgage. 2 Devlin, Deeds, § 1144; *Alstin v. Cundiff,* 52 Tex. 453.

While our constitution speaks of a conveyance to an alien as "void," it means only that the alien cannot hold it on proper proceedings taken, but no one can take advantage of this but the state, in an action of office found. *Quigley v. Birdseye,* 28 Pac. 743, and cases there cited.

The opinion of the court was delivered by

GORDON, J.—This appeal is from a decree of the superior court of Kittitas county foreclosing a real estate mortgage executed by appellants' grantor to plaintiff's intestate. The first error complained of is that there was no proof of non-payment of the mortgage debt and that the court should have granted a motion for non-suit. The original mortgage was not produced, but a certified copy thereof was admitted, and under § 1685, Code Proc. (2 Hill's Code), such certified copy is entitled to the same weight, and is produced with the same effect, as the original. In addition thereto, we think that the testimony of the witness Fulton was sufficient *prima facie* to establish the non-payment, when, as here, there was no plea of payment set up in the answer. The court did not err, therefore, in denying the motion for non-suit.

It is next insisted that the court wrongfully sustained an objection to the introduction of evidence under defendants' first affirmative defense. The defense attempted was that the mortgage in suit was in fact a deed and that the parties thereto intended

thereby to convey the premises to the grantee, who was an alien and disqualified under the provisions of § 33, art. 2 of the constitution of this state to take title to real property. We think the court did not err in excluding the evidence for two reasons: First, it was incompetent for the defendants by parol evidence to establish that to be a deed which was in form a mortgage. No authority has been cited in support of appellants' contention in this particular, and we do not think that the case falls within any known exception to the established rule which excludes parol evidence to vary the terms of a written instrument. Second, it was not competent for the appellant to show that the mortgagee was incapable of taking title to real estate. That could only be shown in a suit by the state. *Oregon Mortgage Co., Limited, v. Carstens, ante,* p. 165.

Upon the record we perceive no sufficient reason for reversing the decree. Affirmed.

SCOTT, C. J., and ANDERS, J., concur.

DUNBAR, J.—I concur in the result, but dissent from the proposition that it was not competent for any one but the state to show that the mortgagee was incapable of taking title to real estate.

REAVIS, J.—I join in the views of Judge DUNBAR.